IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
MAY 1 2 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:14-MJ-234 |
| OC HICKS, III (01) <br> ROSHONDA JACKSON (02) | |

## Criminal Complaint

Beginning on or before April 29, 2014, and continuing until on or about May 9, 2014, in the Fort Worth Division of the Northern District of Texas, defendants **OC Hicks III and Roshonda Jackson**, did knowingly and intentionally attempt to possess with the intent to distribute a controlled substance, to wit: cocaine, a schedule II controlled substance, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C).

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

1. Starting in April 2014 and ending on May 9, 2014, a DEA Confidential Source, hereafter referred to as CS was in negotiations to sell multiple kilograms of cocaine to **OC Hicks III**.

2. On April 29, 2014, the CS made multiple recorded cellular phone calls to **OC Hicks III** and negotiated the purchase and delivery of ten (10) kilograms of cocaine. During the negotiations, **OC HICKS III** agreed to meet the CS on May 5, 2014, in Fort Worth, Texas, to further negotiations for the purchase of ten (10) kilograms of cocaine.

3. On May 5, 2014, after a series of phone calls and text messages, **OC HICKS III** agreed to meet the CS at a hotel near the Dallas/Ft. Worth airport, to finalize the drug transaction.

4. On May 5, 2014, at approximately 2:02 p.m., agents observed the CS enter the lobby of the hotel and engage in a conversation with **OC Hicks III**. During the conversation with the CS, **OC Hicks III** told the CS that he had only the money to purchase three (3) kilograms of cocaine and would like the other seven (7) kilograms of cocaine to be fronted. The CS informed him that he could purchase the three (3) kilograms of cocaine from the CS in three or four days.

**Criminal Complaint – Page 1**

5.   On May 9, 2014, the CS and **OC Hicks III** agreed to meet to finalize the cocaine transaction for $84,000.00 in U.S. currency. Later that day, agents observed **OC Hicks III** arrive at the hotel. A short time later, the CS entered the hotel lobby.

6.   Twenty minutes later the CS and **OC Hicks III** exited the hotel lobby and approached a vehicle in which an undercover Task Force Officer showed **OC Hicks III** three (3) kilograms of cocaine. The CS and **OC Hicks III** then walked back inside the hotel lobby.

7.   Shortly thereafter, **Roshonda Jackson** arrived at the hotel. **Roshonda Jackson** exited her vehicle and entered the hotel lobby carrying a large pink ladies bag. Upon entering the lobby, **Roshonda Jackson** signaled to **OC Hicks III** that she had the money in the pink ladies bag. **OC Hicks III** and **Lashonda Jackson** were taken into custody and approximately $74,000.00 in U.S. currency was seized from inside the pink purse.

8.   After being advised of his warnings and waiving his rights, **OC Hicks III** admitted that he was at the hotel to purchase three (3) kilograms of cocaine.

9.   After being advised of her warnings and waiving her rights, **Roshonda Jackson** admitted that she delivered the money from Monroe, Louisiana, to Fort Worth, Texas, in order for **OC Hicks III** to purchase cocaine.

10.  Although I have not listed all the facts regarding this conspiracy, I believe that the facts stated here establish probable cause that the defendant has committed a violation of 21 U.S.C. § 846, Attempted Possession with Intent to Distribute a Controlled Substance.

_____
Perry Moore
Task Force Officer
Drug Enforcement Administration


SWORN AND SUBSCRIBED before me, at 2:02 am/pm this 12th day of May, 2014 at ~~_____ p.m.~~ in Fort Worth, Texas

_____
JEFFREY L. CURETON
United States Magistrate Judge

**Criminal Complaint – Page 2**